PITCHER *v.* JACKMAN and Another.

Suit to enjoin the treasurer and auditor of *Jefferson* county from the collection of taxes assessed upon real estate for the year 1857; upon the ground that the assessment upon which the tax levy was based, was made under the act of *February* 13, 1851, which it was claimed had expired by its own limitation.

*Held,* that the act of *February* 13, 1851, was repealed by the act of *June* 18, 1852, entitled "an act repealing all former acts of the legislature except those therein named." 1 R. S., p. 430.

*Held,* also, that by § 44 of the act of *June* 21, 1852 (1 R. S., p. 115), the appraisement made under the law of 1851 was re-adopted, as the grand levy of the State, but that the limitation of five years was not revived.

*Held,* also, that if the appraisement and valuation made under the law of 1851, had ceased, in 1857, to be equal and uniform, the legislature and not the Courts must provide the remedy.

APPEAL from the *Jefferson* Circuit Court.

DAVISON, J.—Suit by the appellant against the appellees for an injunction.

The case made by the complaint is as follows: *Jackman* was the auditor, and *Pogue* the treasurer of *Jefferson* county. The auditor, in *September,* 1857, certified and delivered to *Pogue,* as treasurer, a tax duplicate, containing a list of taxes, purporting to have been assessed upon real estate in said county, for county purposes, for that year. This duplicate is alleged to have been illegal, because the assessment upon which it was based, that of 1851, was made under the act of *February* 13, 1851, which had expired by its own limitation. Upon the duplicate list of taxes, thus certified, the real estate of the plaintiff was assessed and taxed $50. And *Pogue,* the treasurer, the same duplicate being in his hands, levied on certain personal property of the plaintiff, to satisfy the taxes so assessed on his real estate for the year 1857. The relief prayed is, that the treasurer be enjoined from selling the property levied on. Demurrer to the complaint sustained. The plaintiff appeals to this Court.

"Was the assessment made in 1857, under the act of *February,* 1851, in existence and valid, for the purposes of a county tax levy for the year 1857?" This, it is conceded in

argument, is the only question to settle in the case. The act to which we have just referred, is entitled "an act to appraise the real estate of this State, and make the value of the same equal and uniform throughout this State," and provides, § 27, "that the appraisement of real estate made pursuant to its provisions, shall stand for the term of five years, and shall be the amount upon which the taxes shall be assessed." Acts 1851, p. 11. The appellant contends, that this five years limitation remained in force until *February* 12, 1856, when it expired; and that, consequently, the appraisement, under the act, went out of existence at that date, and was not, therefore, operative in 1857, when the tax in question was levied. While, on the other hand, it is insisted that, in virtue of subsequent legislation, the appraisement under the act of 1851, stands without limitation. In support of the latter position, the appellees rely upon two legislative enactments. These will be noticed in the order in which they are cited. The first was approved *June* 18, 1852, and is entitled "an act repealing all former acts of the legislature except those therein named." 1 R. S., p. 430. As the act of *February*, 1851, is not named among the acts excepted from this general repeal, it was, of course, within the purview of the repealing act; and the result was, that upon the repeal of the act of 1851, there was no law authorizing the appraisement of real estate. But afterward, *June* 21, 1852, an act was approved, entitled "an act to provide for the valuation and assessment of the real and personal property, and the collection of taxes in this State," &c. Section 44 of this act provides thus: "The appraisement list of the taxable real property of this State, made under the authority of an act entitled 'an act to appraise the real estate of this State, and make the value of the same equal and uniform throughout the State, approved *February* 13, 1851,' *shall stand and be considered as the grand levy of the State, subject to such alterations as herein provided for.*" 1 R. S., p. 115. Thus, it will be seen that the appraisement made under the act of 1851 was adopted by the act of 1852, as the "grand levy of the State." Was its adoption subject to the limitation of five years, as prescribed by the former act? It has been shown that the entire act of 1851 was

repealed; and it seems to follow that the limitation of five Nov. Term, years, upon the taking effect of that repeal, went out of exist- 1860. ence; and we perceive nothing in the act of *June* 21, 1852, indicating a legislative intent to revive it. But, in our judg- ment, the limitation was not an essential element of the *appraisement* made in 1851, under the act of that year; and there is, indeed, no reason why the appraisement then made, could not be adopted by the act of 1852 without the limita- tion; because the appraisement was simply an act done in accordance with an existing law, which, it seems to us, could be well continued indefinitely by a subsequent law, though the law under which it was made had been repealed. But it is contended that the appraisement and valuation in question had ceased to be equal and uniform before 1857, the year in which the tax against the appellee was levied. It is true, the Constitution, art 10, § 1, declares "that the General Assembly shall provide, by law, for an equal and uniform rate of assess- ment and taxation," &c. But we perceive no such want of uniformity on the face of the act continuing the assessments made in 1851; and if, in point of fact, these assessments had, in 1857, ceased to be uniform, it was for the legislature, and not the Courts, to secure the desired uniformity. Evidently, the Courts are invested with no authority appropriate to such a duty. The demurrer was well taken, and the judgment must, therefore, be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*S. C. Stevens*, for appellant.

*W. M. Dunn* and *A. W. Hendricks*, for appellees.